**GREBEN & ASSOCIATES**
125 E. DE LA GUERRA ST., STE 203
SANTA BARBARA, CA 93101
TEL: 805-963-9090
FAX: 805-963-9098

Jan A. Greben, SBN 103464
jan@grebenlaw.com
Christine M. Monroe, SBN 304573
christine@grebenlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA JAROSE, executor of the ESTATE OF JOHN R. BRAUN,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF HUMBOLDT, a subdivision of the state of California,<br><br>Defendant. | Case No.: 1:18-cv-7383<br><br>**COMPLAINT** |

Plaintiff, Pamela Jarose, executor of the Estate of John R. Braun ("Plaintiff" and/or "Braun") complains and alleges as follows.

**JURISDICTION**

1. Plaintiff's claims arise out of the environmental contamination near and around 826 Fourth Street, Eureka California at the intersection of Fifth and J Streets, commonly referred to as the Humboldt County Civic Center, and the location of the former Braun Building located at 411 J Street, Eureka, California, which is now where the jail and/or parking lot are located in this area (the "Subject Property").

2. This action arises under the federal Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et seq. This Court has jurisdiction

over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 2201 et seq.; 42 U.S.C. §§ 9607, 9613 and the Federal Rules of Civil Procedure, Rule 57.

3. Venue is proper under the provisions of 28 U.S.C. § 1391(b) and 42 U.S.C. §§ 9607 and 9613 because the Subject Property that is the subject matter of this action and a substantial portion of the events, acts and/or omissions giving rise to these claims occurred in this judicial district in the County of Humboldt, the State of California.

**INTRADISTRICT ASSIGNMENT**

4. Intradistrict assignment is proper in this Court under the local rules as the property that is the subject matter of this action and a substantial portion of the events, actions and/or omissions giving rise to these claims occurred in this judicial district in Humboldt County.

**PARTIES**

5. Plaintiff Pamela Jarose is the executor of the Estate of John R. Braun, a deceased individual.

6. Defendant the County of Humboldt ("Defendant" and/or the "County") is a public entity, and subdivision of the State of California located in Humboldt County within the State of California.

**GENERAL ALLEGATIONS OF FACT**

7. Plaintiff seeks damages and response costs arising out of the soil, soil gas and/or groundwater contamination located beneath, near and around the Subject Property, and surrounding areas, including all areas where the County released, transported, moved, dispersed and/or disposed of chlorinated volatile organic compounds, including tetrachloroethene ("PCE") and trichloroethene ("TCE").

8. On or about July 23, 1993, a Judgment on Stipulation for Settlement and Entry of Judgment was entered by the Superior Court of California, County of Humboldt arising from the case entitled County of Humboldt v. John R. Braun, et al., Case No. 93DR0195. Attached hereto as Exhibit A is a true and correct copy of the Judgment on Stipulation for Settlement and Entry of Judgment. Attached hereto as Exhibit B is a true and correct copy of the Order for Modification of Judgement. Exhibits A and B are collectively referred to herein as the "Judgment".

9. The Judgment does not address or resolve CERCLA liability as set forth herein.

10. Plaintiff is informed and believes, and on that basis alleges that the hazardous substance contamination occurring near and around the Subject Property is caused by the conduct of the County.

11. Plaintiff is informed and believes, and on that basis alleges that the County has, at all times relevant, owned, operated, maintained, supervised and/or controlled the dewatering sump system in the Courthouse basement.

12. Plaintiff is informed and believes, and on that basis alleges that the dewatering sump system was installed by or on behalf of the County.

13. The County's operation of the dewatering sump system created a mechanism for the disposal, transport, release and/or movement of hazardous substances, including but not limited to PCE and TCE, in groundwater, causing these hazardous substances to be transported to and disposed of at previously uncontaminated areas resulting in groundwater, soil and soil gas contamination in these areas.

14. Plaintiff is informed and believes, and on that basis alleges that the County had actual control over the dewatering sump system and choice for disposal.

15. Plaintiff is informed and believes, and on that basis alleges that the County selected the point of disposal by way of its operation of the dewatering sump system, in which PCE containing contaminated groundwater was disposed of from the dewatering system into the storm drain system, which has released the contamination into previously uncontaminated areas.

16. Plaintiff is informed and believes, and on that basis alleges that the County illegally released, discharged, and/or disposed of contaminated water to and from the storm drain system.

17. Plaintiff is informed and believes, and on that basis alleges that the storm drain system flows toward Humboldt Bay without pretreatment.

18. Plaintiff is informed and believes, and on that basis alleges that the County knew or should have known that the storm drain system ultimately discharged to public waters.

19. The County's ownership, operation and transportation of the dewatering sump system has exacerbated the contamination that was not foreseeable or intended to be included in the scope of

the Judgment. As a direct and proximate result, the cost to delineate and remediate the contamination at issue has increased.

20. As a direct and proximate result of the County's actions and omissions, Plaintiff has incurred and will continue to incur necessary costs to investigate and respond to the contamination.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Cost Recovery Pursuant to CERCLA § 107(a)

(Against the County of Humboldt)

21. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

22. All of the contaminants identified in this Complaint, including PCE, are located in the soil, soil gas and/or groundwater around and near the Subject Property and surrounding areas, and are "hazardous substances" within the meaning of 42 U.S.C. § 9601(14).

23. The dewatering system is a "facility" within the meaning of 42 U.S.C. § 9601(9).

24. The contamination plume that is the subject of this litigation where the County disposed of hazardous substances is a "facility" within the meaning of 42 U.S.C. § 9601(9).

25. The County is the owner, operator of the dewatering system within the meaning of 42 U.S.C. § 9607 (a)(1) and (2).

26. The County is also liable for the contamination pursuant to 42 U.S.C. § 9607 (a)(3) because the County arranged for the disposal and release of these hazardous substances into soil, soil gas and/or groundwater. The County was also in a position to control, manage and prevent the disposal of and release of these hazardous substances into soil, soil gas and/or groundwater.

27. The County is also liable for the contamination pursuant to 42 U.S.C. § 9607 (a)(4) because the County, through its active operation of the dewatering system, caused the transportation of contaminated groundwater into previously uncontaminated areas, which constitutes a disposal.

28. The hazardous substance releases and disposal constitute a "disposal" within the meaning of 42 U.S.C. § 9601 (22) and/or (29).

29. Plaintiff has incurred, and will continue to incur, necessary response costs including costs of investigation, removal and/or remedial actions in the investigation, cleanup and abatement of the releases and threatened releases of the hazardous substance contamination identified in this Complaint from the County's ownership, operations and activities. All of the necessary response costs incurred and to be incurred by Plaintiff are a result of the contamination caused by the County.

30. All costs incurred and to be incurred by Plaintiff are necessary costs of response consistent with the provisions of CERCLA and the National Oil and Hazardous Substance Pollution Contingency Plan, also referred to as the National Contingency Plan ("NCP").

31. Plaintiff continues to incur response costs and other costs in connection with the investigation of the contamination identified herein.

32. Under Section 107 of CERCLA, 42 U.S.C. § 9607, Plaintiff seeks recovery of necessary costs of response and payment from the County for Plaintiff's outlays of all past, present and future necessary response costs incurred in response to the release and disposal of said hazardous substances by the County in and around the environment. The release and disposal of these hazardous substances is continuing in nature.

33. The County is liable to Plaintiff pursuant to 42 U.S.C. § 9607 for all past, present and future necessary costs of response including, without limitation, investigation and remediation/cleanup expenses, attorney's fees, consultant fees, oversight costs, and interest, in an amount to be determined at trial.

34. Pursuant to 42 U.S.C. § 9613 (g)(2), Plaintiff is entitled to a declaratory judgment that the County is liable in any subsequent action by Plaintiff to recover further response costs or damages incurred as a result of the hazardous substance contamination as identified in this Complaint.

## SECOND CLAIM FOR RELIEF

### Contribution Pursuant to CERCLA § 113

(Against the County of Humboldt and Does 1-100)

35. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

36. This Complaint constitutes a civil action within the meaning of 42 U.S.C. § 9613.

37. All of the contaminants identified in this Complaint, including PCE, are located in the soil, soil gas and/or groundwater around and near the Subject Property and surrounding areas, and are "hazardous substances" within the meaning of 42 U.S.C. § 9601(14).

38. The dewatering system is a "facility" within the meaning of 42 U.S.C. § 9601(9).

39. The contamination plume that is the subject of this litigation where the County disposed of hazardous substances is a "facility" within the meaning of 42 U.S.C. § 9601(9).

40. The County is the owner, operator of the dewatering system within the meaning of 42 U.S.C. § 9607 (a)(1) and (2).

41. The County is also liable for the contamination pursuant to 42 U.S.C. § 9607 (a)(3) because the County arranged for the disposal and release of these hazardous substances into soil, soil gas and/or groundwater. The County was also in a position to control, manage and prevent the disposal of and release of these hazardous substances into soil, soil gas and/or groundwater.

42. The County is also liable for the contamination pursuant to 42 U.S.C. § 9607 (a)(4) because the County, through its active operation of the dewatering system, caused the transportation of contaminated groundwater into previously uncontaminated areas, which constitutes a disposal.

43. The hazardous substance releases and disposal constitute a "disposal" within the meaning of 42 U.S.C. § 9601 (22) and/or (29).

44. Plaintiff has incurred, and will continue to incur, necessary response costs including costs of investigation, removal and/or remedial actions in the investigation, cleanup and abatement of the releases and threatened releases of the hazardous substance contamination identified in this Complaint from the County's ownership, operations and activities. All of the necessary response costs incurred and to be incurred by Plaintiff are a result of the contamination caused by the County.

45. All costs incurred and to be incurred by Plaintiff are necessary costs of response consistent with the provisions of CERCLA and the NCP.

46. Plaintiff continues to incur response costs and other costs in connection with the investigation of the contamination identified herein.

47. Under CERCLA, 42 U.S.C. § 9613, Plaintiff seeks contribution of necessary costs of response and payment from the County for Plaintiff's outlays of all past, present and future necessary

response costs incurred in response to the release and disposal of said hazardous substances by the County in and around the environment. The release and disposal of these hazardous substances is continuing in nature.

48. Plaintiff is entitled to 100% contribution from the County or contribution in any such other percentage that the Court deems appropriate.

49. The County is liable to Plaintiff pursuant to 42 U.S.C. § 9613 for all past, present and future necessary costs of response including, without limitation, investigation and remediation expenses, attorney's fees, consultant fees, oversight costs, and interest, in an amount to be determined at trial.

50. Pursuant to 42 U.S.C. § 9613 (g)(2), Plaintiff is entitled to a declaratory judgment that the County is liable in any subsequent action by Plaintiff to recover further response costs or damages incurred as a result of the hazardous substance contamination as identified in this Complaint.

### THIRD CLAIM FOR RELIEF

### Federal Declaratory Relief

(Against the County of Humboldt and Does 1-100)

51. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

52. A determination of the proportionate degree of liability, if any, of Plaintiff, on the one hand, and the County, on the other, is necessary to protect the rights of Plaintiff.

53. An actual controversy has arisen and now exists relating to the legal rights and duties of Plaintiff and the County for which Plaintiff desires a declaration of its rights and indemnification, in which Plaintiff contends, and that, based on information and belief, the County denies:

    a. That as between these parties, the responsibility for the damages identified herein rest entirely on the County.

    b. That the Judgment does not address or resolve the liability for the contamination as set forth herein because liability for the County's actions and/or omissions relating to the dewatering system located at the Courthouse that caused the spread of

contamination is not contemplated by and does not fall within the scope of the Judgment.

 c. That the County's actions and/or omissions that caused the spread of contamination into previously uncontaminated areas excuses performance under the Judgment, if any, for addressing the contamination caused by the County's operation of the dewatering system.

 d. That as between these parties, Plaintiff is not responsible for the off-site contamination alleged in this Complaint because said contamination was caused by the County's own actions and/or omissions.

 e. That as between these parties, Plaintiff owes no duty to indemnify or hold the County harmless for damages or costs arising from the County's actions and/or omissions that have caused the spread of contamination as set forth herein.

 f. Plaintiff is informed and believes that the County denies any such liability.

54. Plaintiff is entitled to, and hereby requests a judicial determination of Plaintiff's rights, indemnification and contribution, any declaration that the County and/or others, and not Plaintiff, are liable for all or part of the damages and costs incurred by Plaintiff or others arising from the damage arising out of the alleged hazardous substance contamination and other property damage of the Subject Property.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment as follows:

1. For recovery and contribution from the County of all response costs incurred and to be incurred in response to the release of PCE, a hazardous substance, near and around the Subject Property, according to proof at trial.
2. For a declaration that the County is liable for abating the alleged contamination.
3. For a declaration of Plaintiff's rights, including that performance under the Judgment has been excused.

4. For damages against the County in an amount equal to all response costs and all other costs incurred in investigating, removing, cleaning up and remediating the alleged hazardous substance contamination in an amount according to proof at trial.
5. For compensatory, incidental and consequential damages according to proof at trial.
6. For prejudgment interest at the legal rate.
7. For attorney's fees and costs to the extent allowed by law.
8. For consultant's fees and costs.
9. For such other and further relief as the Court deems just and proper.

Dated: December 7, 2018

GREBEN & ASSOCIATES

/s/ Jan A. Greben
Jan A. Greben
Christine M. Monroe
Attorneys for Plaintiff

- 9 -
COMPLAINT