UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| PAMELA JAROSE,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF HUMBOLDT,<br><br>        Defendant. | Case No. 18-cv-07383-SBA (LB)<br><br>**DISCOVERY ORDER**<br><br>Re: ECF No. 64 |

## INTRODUCTION

The plaintiff (and counter-defendant) is Pamela Jarose, the executor of the estate of John Braun, and the defendant (and counter-plaintiff) is Humboldt County, and they dispute who is responsible for cleaning up hazardous waste at a property previously owned by Mr. Braun in Eureka, California.[1] On May 26, 2020, after the close of fact and expert discovery, and after the plaintiff filed her summary-judgment motion, the County disclosed, and the plaintiff moved to strike, the following information: (1) information about the ownership of the property (in the form of documents and amended interrogatory responses); (2) the County's additional remediation and

---

[1] First Am. Compl. ("FAC") – ECF No. 28; Counterclaim – ECF No. 14. Citations refer to the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 18-cv-07383-SBA (LB)

investigation costs; (3) environmental data and a resulting report; and (4) new witnesses.[2] The court denies the motion to strike (except that it grants the motion to strike new disclosures about costs incurred before the November 2019 disclosures). First, throughout discovery, the parties had a common understanding about when Mr. Braun owned the property. But after fact discovery closed, the plaintiff proffered new facts in her summary-judgment motion and amended her interrogatory responses. The County acted diligently to investigate those new (and late) disclosures and to supplement its own disclosures to contradict the plaintiff's new theory. Second, the County appropriately supplemented its disclosures to include new costs and new environmental information resulting from its ongoing investigation and remediation of the property. Third, the witnesses are custodial witnesses, and the plaintiff now concedes that the County may call them.

## STATEMENT

The parties each claim the other violated (1) the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 *et seq.*, (2) California's Hazardous Substances Account Act ("HSSA"), Cal. Health & Safety Code § 25300 *et seq.*, and (3) other state causes of action related to their dispute.[3]

Fact discovery closed on January 17, 2020, and expert discovery closed on March 20, 2020.[4] The plaintiff filed her summary-judgment motion on February 26, 2020, asserting (among other arguments) that Mr. Braun was not liable under CERCLA (and related derivative theories of liability) because he was not an owner at the time that the hazardous substance was discharged (or, in the language of the statute, at the time of the "disposal" of the hazardous waste). 42 U.S.C. § 6903(3).[5] The County opposed the motion, but because the parties were engaged in mediating their case, they stipulated to extend the time for the County to file its cross-motion for summary

---

[2] Mot. – ECF No. 56-1; Discovery Letter – ECF No. 64.

[3] FAC – ECF No. 28; Counterclaim – ECF No. 14; Order – ECF No. 45.

[4] Order – ECF No. 26.

[5] Summary-Judgment Mot. – ECF No. 43-1 at 16–17.

ORDER – No. 18-cv-07383-SBA (LB)   2

judgment.[6] Then, on May 26, 2020, the County supplemented its disclosures with the following information.

First, it disclosed historical documents (and amended its interrogatory responses to reflect the information) to show that Mr. Braun bought the property in 1971, not 1973, and owned the property at the time of the remediable event (attributable to a drycleaner located at the property): (1) a December 31, 1973 construction permit issued to Mr. Braun to remodel the drycleaner; and (2) a local newspaper advertisement from February 1972 by the drycleaner.[7] This is the only disclosure related to the summary-judgment motion.

Second, it produced costs through April 2020, apparently related to its ongoing investigation and remediation efforts regarding the property.[8]

Third, it produced certain data files, again about its ongoing investigation and remediation, all publicly available at http://geotracker.waterboards.ca.gov/, and all information that was not available at the time of expert disclosures and rebuttal reports, and generally related to water samples collected in March 2020 and an analytic report prepared on April 13, 2020.[9]

Fourth, it disclosed new witnesses but now limits them to three witnesses (Messieurs Murray, Bragg, and Wellik) that it intends to use only to authenticate documents.[10]

The plaintiff moved to strike the late disclosures.[11] The trial judge held the plaintiff's summary-judgment motion and the County's anticipated cross-motion in abeyance pending resolution of this discovery dispute.[12] The undersigned held a hearing on July 23, 2020.[13]

---

[6] Opp'n – ECF No. 47; Stipulation – ECF No. 50; Order – ECF No. 51.

[7] Discovery Letter – ECF No. 64 at 3–5; Am. Interrogatory Responses, Ex. A to *id.* at 9–17.

[8] Discovery Letter – ECF No. 64 at 5.

[9] *Id.* at 5–6.

[10] *Id.* at 6.

[11] Mot. – ECF No. 56-1; Discovery Letter – ECF NO. 64. The court's discovery procedures require a joint letter brief, and the undersigned ordered that process. Order – ECF No. 61.

[12] Order – ECF No. 58.

[13] Minute Entry – ECF No. 70.

# ANALYSIS

The court's scheduling order limited the time to complete discovery. Fed. R. Civ. P. 16(b). In the Northern District of California, "discovery cut-off" means the date on which all responses to written discovery are due and by which all depositions must be concluded. Civ. L. R. 37-3. Unless an extension or relief is granted, discovery not completed by the discovery cut-off date is not allowed, except by court order for good cause shown. Fed. R. Civ. P. 16(b)(4); *see Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986).

A party must supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process." Fed. R. Civ. P. 26(e).

Because the County's May 2020 disclosures were after the discovery cut-off, the plaintiff moves to strike four disclosures: (1) information about the ownership of the property (in the form of documents and amended interrogatory responses); (2) the County's additional costs from its ongoing investigation and remediation; (3) environmental data and a report generated after fact discovery closed as part of the County's ongoing investigation and remediation; and (4) new witnesses.[14] The court generally denies the motion. There is good cause generally under Rule 16(b)(4), either because (1) the County responded to the plaintiff's own late disclosure about ownership or (2) the information is about the County's ongoing investigation and remediation after fact discovery closed and in any event is an appropriate supplemental Rule 26(e) disclosure.

## 1. Historical Records and Amended Interrogatory Responses

The documents and amended interrogatory responses are relevant to whether Mr. Braun owned the property when the drycleaner was located there and thus whether he is responsible for the cleanup. The drycleaner operated from 1948 to 1973.[15] In discovery, both parties contended that

---

[14] Discovery Letter – ECF No. 64 at 2–5.
[15] *Id*. at 3.

1    Mr. Braun did not own the property during the years that the drycleaner operated there.[16] Then, in
2    her February 26, 2020 summary-judgment motion, the plaintiff said for the first time that Mr.
3    Braun acquired the property in 1971 (not 1973, as her verified response said) and that the
4    drycleaner was razed in 1971 (not 1973, as the verified response said).[17] To reflect these new
5    facts, she served unverified amended interrogatory responses on March 10, 2020, 42 days after
6    fact discovery closed.[18]

7    The plaintiff moves to strike the County's disclosures on the ground that the County was not
8    diligent when it searched for documents (starting on April 28, 2020) and produced them in May
9    2020.[19] But given the parties' common understanding of the property ownership and operation of
10   the drycleaner, the plaintiff's raising new facts about ownership and the drycleaner for the first
11   time in her February 2020 summary-judgment motion, and her late March 10, 2020 (unverified)
12   amended interrogatory responses 42 days after the close of fact discovery, the court finds good
13   cause for the County's researching facts and producing the information when it did. First, the
14   parties were finalizing expert disclosures and depositions in February and March.[20] Second, in this
15   time period, the County prepared its March 11, 2020 opposition to the plaintiff's summary-
16   judgment motion.[21] Third, the parties had mediations on April 1, April 28, and May 11, 2020.[22]
17   Fourth, the plaintiff also made late disclosures (well after the close of fact discovery) about
18   Mr. Braun's ownership and the drycleaner's years of operation. Fifth, the COVID-19 pandemic
19   taxed everyone's resources. Finally, there is no prejudice. Mr. Braun knew when he owned the
20   property, and presumably his knowledge is imputed to the estate. The argument about ownership
21   is roughly a page in the plaintiff's summary-judgment motion and did not involve significant legal

---

[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Id.* at 2–4.
[20] *Id.* at 4.
[21] Opp'n – ECF No. 47.
[22] Discovery Letter – ECF No. 64 at 4.

United States District Court
Northern District of California

1 analysis.[23] Any prejudice is ameliorated by a revised case schedule for the summary-judgment

2 motion and potentially the trial. (As to the trial date, because of the pandemic, it may be that there

3 will be no in-person civil trials on the current case schedule in any event.) In sum, the court finds

4 good cause for the timing of the disclosure and the amended interrogatory responses and denies

5 the plaintiff's motion to strike them. *See* Fed. R. Civ. P. 16(b)(4).

### 2. Updated Costs

The County previously produced its costs and said in its November 2019 responses that it would supplement its disclosures if any other documents existed.[24] On May 26, 2020, it supplemented its disclosures with documents showing costs from July 2019 through April 2020.[25] The plaintiff moved to strike the newly disclosed costs on the ground that the late disclosure denied her the opportunity to conduct discovery about them. The County responded that it has ongoing remediation and investigation expenses (as everyone knows), its November 2019 disclosures included expenditure reports run on August 21, 2019 and November 11, 2019, and its disclosure in May 2030 was not to add undisclosed costs incurred before its November 2019 production and instead was to produce costs that it incurred after its November 2019 production.[26] The court generally denies the plaintiff's motion to strike the production of the additional costs. First, the County has a duty to supplement its disclosures, and it appropriately supplemented its production to include its expenses after its November 2019 disclosures. Fed. R. Civ. P. 26(e). Second, the County previously disclosed its costs through its November 2019 disclosures, and there is no discernable prejudice that attaches to duplicative or clarifying production of costs from July 2019 through November 2019. That said, the government agreed at the hearing that it will not use any new costs information before November 2019 that it did not disclose in is November 2019

---

[23] Mot. – ECF No. 43-1 at 16–17.

[24] Response to Requests for Production – ECF No. 56-2 at 40–41.

[25] Discovery Letter – ECF No. 64 at 7.

[26] *Id*. at 5.

United States District Court
Northern District of California

1  disclosures. To that extent, then, the court grants the plaintiff's motion to strike any supplemental
2  disclosures attributable to costs incurred before the November 2019 disclosures.

### 3. Environmental Data and Report

In its May 26, 2020 production, the County also disclosed data files that included documents generated by its consultants through April 2020.[27] The plaintiff moved to strike any documents generated after fact discovery closed on January 17, 2020.[28] The County responded that the documents — which are posted periodically on the publicly available website identified in the Statement — are part of its ongoing investigation and remediation.[29] The court denies the motion to strike. The new data concerns water samples collected on March 25, 2020 that resulted in a report that was prepared on April 13, 2020.[30] The County appropriately supplemented its disclosures to include the new report. Fed. R. Civ. P. 26(e). Given the interplay of the disclosures with expert opinions, the plaintiff may have reasonable arguments about the appropriate scope of evidence at trial. But that issue — if not resolved by the parties through the meet-and-confer process that precedes their trial submissions — is appropriately raised in a motion in limine about the appropriate scope of expert testimony. As the court said at the hearing, if the government did not provide updated information that favored the plaintiff, that would be a violation of Rule 23(e).

### 4. Disclosure of New Witnesses

The County added 15 new witnesses in its May 2020 disclosures but now says that it will call only three custodial witnesses (Messieurs Murray, Bragg and Wellik) to authenticate documents.[31] The plaintiff objected only to Mr. Wellik because she did not depose him. Given that the County

---

[27] *Id.* at 5–7.
[28] *Id.* at 5.
[29] *Id.* at 6.
[30] *Id.*
[31] *Id.*; Supp. Rule 26 Disclosure, Exhibit B to Discovery Letter – ECF No. 64 at 21–27.

ORDER – No. 18-cv-07383-SBA (LB)            7

limits the witness to authenticating documents, at the hearing, the plaintiff withdrew her objection to him as a custodial or authenticating witness.

**CONCLUSION**

The court denies the motion to strike except that it grants the motion to strike any new material about costs incurred before the County's November 2019 disclosures. This disposes of ECF No. 64.

The disclosure of the historical records about ownership and the drycleaner affects the summary-judgment motion and possibly the January 25, 2021 trial date. At the hearing, the court directed the parties to confer and submit a revised proposed schedule to the trial judge in approximately a week. The parties also will confer about whether they need limited additional discovery about the historical records about ownership and the drycleaner. (The plaintiff said at the hearing that she may not need more discovery, but the court left open the possibility that limited discovery might be appropriate.)

**IT IS SO ORDERED.**

Dated: July 23, 2020

_____
LAUREL BEELER
United States Magistrate Judge